FILED _____ RECEIVED
_____ ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

**JAN 17 2007**

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY_____ DEPUTY

Becky Grubbs
In Pro Per
2730 Powder Drive
Reno, Nevada 89503
(775) 747 0570
Plaintiff, In Pro Per

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BECKY GRUBBS,

    Plaintiff,

vs.

HARRAH'S ENTERTAINMENT, INC.,
and DOES I-X,

    Defendants.

_____/

CASE NO.    3:07-cv-00030

**COMPLAINT AND JURY DEMAND**

COMES NOW plaintiff, in pro per, and hereby complains of defendants as follows:

Parties, Venue, Jurisdiction and Jury Demand

1. Plaintiff is an adult, competent woman who was previously employed in Nevada by Harrah's Entertainment, Inc. (hereinafter "Harrah's). Plaintiff has obtained a "Notice of Right to Sue" from the Equal Employment Opportunity Commission. This "Complaint and Jury Demand" is timely filed in accordance therewith. All, or almost all, acts, statements and omissions herein alleged occurred in northern Nevada. All, or almost all, witnesses resided (or resided as of the times the acts, statements and omissions occurred) in northern Nevada. Plaintiff resides in northern Nevada. Plaintiff hereby requests a jury trial relative to all issues so triable.

2. Defendant Harrah's is a corporation, or other entity, which maintains a sizeable business operation, i.e., a casino/restaurant/hotel operation in northern Nevada, where at plaintiff was previously employed and where at the statements, omissions and actions herein alleged occurred. At all relevant times herein mentioned defendant Harrah's employed at least fifteen

Page 1 of 5

Paid Amt $ 350.00 Date 1/18/07
Receipt # 19432 Initials QM

1   persons, on a full-time basis.

2       3. Venue is proper in this Court because the plaintiff resides in northern Nevada; most of

3   the witnesses reside in northern Nevada; and all, or almost all, of the acts, statements and

4   omissions alleged herein occurred in northern Nevada.   Venue exists pursuant to Title 28,

5   section 1391(e).

6       4. This Court has subject matter jurisdiction pursuant to Title 28, section 1331 and/or

7   section 1343, as well as Title 42, section 2000e, et seq.

8       5.  Doe defendants I-X are persons, corporations, partnerships or other entities which are

9   responsible for plaintiff's injuries or damages.   When plaintiff ascertains the correct identities of

10  these defendant(s), she will seek leave of this Court to amend this "Complaint and Jury Demand"

11  so as to name the defendant(s) herein and thereby hold them legally responsible.

12                          First Cause of Action

13                       (Hostile Work Environment)

14      6.  Plaintiff hereby incorporates the allegations of paragraphs 1 through 5, inclusive, as

15  well as all other allegations of the "Complaint and Jury Demand," as though the same were fully

16  stated herein.

17      7.  Plaintiff opposed sexual harassment and age discrimination in defendant's workplace

18  and did so by complaining thereof and retaining counsel.  In January, 2005, plaintiff entered into

19  a settlement with defendant Harrah's.  Pursuant to said settlement defendant agreed to refrain

20  from harassment of plaintiff and to otherwise provide plaintiff with a workplace free of hostility.

21  Plaintiff was induced to enter said settlement based on the provision of only a nominal sum. The

22  primary consideration consisted of defendant's promise to provide plaintiff with a workplace free

23  of hostility.  Defendant Harrah's committed fraud in the inducement, i.e., defendant Harrah's did

24  not intend to honor the terms of the settlement. Regardless whether Harrah's actually committed

25  fraud, Harrah's subsequently breached the agreement, i.e., plaintiff need not prove a fraudulent

26  mind-set, as of the date the agreement was entered into in order to allege the causes of action

27

28                              Page 2 of 5

1  herein stated.

2     8. In response to plaintiff's opposition to sexual harassment and/or age discrimination,

3  and in breach of the January, 2005 settlement agreement, defendant subjected plaintiff to

4  retaliatory hostility, which although was not intrinsically "sexual" or erotic in character, was

5  motivated by plaintiff's opposition to sexual harassment and/or age discrimination.  For instance,

6  plaintiff's work performance was subjected to excessive scrutiny; plaintiff was directly

7  threatened by a Harrah's Human Resources employee, i.e., if plaintiff made any additional

8  complaints "without proof" her employment would be terminated; negative comments and/or

9  observations were memorialized in plaintiff's personnel file; positive notes or letters, written by

10  guests (which would normally have been placed in plaintiff's personnel file pursuant to Harrah's

11  standard practice) were omitted, and plaintiff was thereby deprived of a bonus or bonuses;

12  private medical information re plaintiff was disseminated in defendant's work environment and

13  at least one of defendant's employees subjected plaintiff to derision using such information;

14  plaintiff's work area was reduced; plaintiff was threatened by a managerial employee in the

15  employ of defendant Harrah's; plaintiff was denied a favorable schedule; and plaintiff was

16  subjected to other forms of hostility and adverse actions.

17     9. Any diminution or deficiency in plaintiff's work performance was the proximate result

18  of the illegal and actionable hostility directed at plaintiff, and/or the sexual harassment/age

19  discrimination plaintiff was subjected to.

20     10. As a direct and proximate result of being subjected to actionable hostility, as

21  described above, plaintiff suffered emotional distress, lost wages and/or income, feelings of

22  humiliation and anger, and loss of enjoyment of life.  It has been necessary for plaintiff to incur

23  costs in order to attempt to vindicate her federally protected right to a workplace free of sexual

24  harassment and retaliatory harassment.

25     11. As a further direct and proximate result plaintiff suffered a constructive/wrongful

26  discharge, which occurred on May 22, 2006.  Plaintiff sustained loss of wages and benefits as a

27

28                              Page 3 of  5

1 | result.

2 |     12. The January, 2005, settlement should be regarded as a nullity, i.e., it should be

3 | rescinded. Plaintiff hereby offers to return the nominal sum paid by defendant Harrah's and asks

4 | this Court to rescind the settlement. Plaintiff alleges the agreement was obtained by fraud, i.e.,

5 | defendant Harrah's never intended to honor the agreement and used the agreement as a ploy to

6 | attempt to limit its liability. Plaintiff hereby requests compensation for the underlying sexual

7 | harassment and age discrimination and alleges the retaliatory hostility to which she was

8 | subjected, and which is alleged herein, is part of a continuing course of conduct. As a result of

9 | being subjected to the harassment and/or retaliation herein alleged plaintiff was injured and

10 | damaged as described herein. Defendant Harrah's waived any limitations defenses, as well as

11 | any other procedural defenses, and is estopped from asserting such based on the fact Harrah's

12 | misled plaintiff into believing she had resolved her claim of harassment via the 2005 settlement

13 | and had thereby secured a work environment free of actionable hostility and discrimination.

14 | Second Cause of Action

15 | (Retaliation)

16 |     13. Plaintiff hereby incorporates and re-alleges the allegations of paragraphs 1 through

17 | 12, inclusive, as though the same were fully stated herein.

18 |     14. Some of the actions taken against plaintiff, e.g., the reduction of plaintiff's work area

19 | (which caused a diminution in plaintiff's income by diminishing the amount of money plaintiff

20 | earned in tips), constituted retaliation, as prohibited by section 704 of the 1964 Civil Rights Act,

21 | as well as constituting retaliation linked to plaintiff's opposition to age discrimination. The

22 | threats plaintiff was subjected to contributed both to the existence of an actionable, hostile work

23 | environment, and also constituted retaliation. Furthermore, the transmutation of erotic, or sexual

24 | hostility, into facially neutral hostility, and the creation and maintenance of a work environment

25 | permeated with retaliatory hostility was itself an act of retaliation. The constructive/wrongful

26 | discharge which plaintiff suffered constituted retaliation.

27 |

28 | Page 4 of 5

1    15.  As a direct and proximate result of being subjected to retaliation, plaintiff was

2    injured and was damaged as described herein.

3        WHEREFORE, plaintiff requests relief as follows:

4        1.  For awards of compensatory damages;

5        2.  For an award of punitive damages;

6        3.  For special, or economic damages according to proof;

7        4.  For an award of attorney's fees in the event plaintiff obtains counsel; and

8        5.  For further relief, such as the Court or jury may deem just and proper, including for

9    instance, an award of injunctive relief to compel the defendant to adopt and actually enforce a

10   reasonable policy against retaliatory hostility and retaliation – and the appointment of a Court

11   Master to oversee the enforcement of injunctive relief.

12       DATED this _____ day of January, 2007.

13

14

                                        _____
                                        BECKY GRUBBS
15                                      In Pro Per

16

17

18

19

20

21

22

23

24

25

26

27

28                              Page 5 of 5